MATTHEW J. RUGGLES (SBN 173052)
**RUGGLES LAW FIRM**
7940 CALIFORNIA AVENUE
FAIR OAKS, CA 95628
TEL: (916) 758-8058
FAX: (916) 758-8048
mruggles@ruggleslawfirm.com

ATTORNEY FOR PLAINTIFF
GRANT NAPEAR

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT NAPEAR,<br><br>        Plaintiff,<br><br>vs.<br><br><br>BONNEVILLE INTERNATIONAL CORPORATION, a Utah corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. 2:21-cv-01956-KJM-DB<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>**Date: February 11, 2022**<br>**Time: 10:00 a.m.**<br>**Courtroom: 3, 15th Floor**<br>**Judge: Hon. Kimberly J. Mueller** |

## I.    INTRODUCTION

Plaintiff GRANT NAPEAR submits the following Memorandum of Points and Authorities in Opposition to Defendant BONNEVILLE INTERNATIONAL CORPORATION's Motion to Dismiss the First Amended Complaint.  As explained below, Defendant's motion to dismiss should be denied because Plaintiff GRANT NAPEAR has alleged more than sufficient facts to meet F.R.C.P. 8(a)(2)'s requirement to provide a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief."

First, Defendant's motion to dismiss Plaintiff's claims under the Fair Employment and Housing Act ("FEHA") – the Second, Third, and Fourth Causes of Action -- relies on the incorrect argument that Plaintiff must allege specific facts to support each element of a *prima facie* case.  In fact, the U.S. Supreme Court expressly rejected that argument in Swierkiewicz v. Sorema, 534 U.S. 506, 510 (2002).  Nevertheless, Plaintiff has alleged sufficient facts to support all three FEHA-based claims.

Second, Defendant's argument that the Fifth and Sixth Causes of Action should be dismissed relies almost exclusively on unpublished orders and memoranda that resolved motions for summary judgment, not a motion to dismiss.  Because the standard under FRCP 8 is completely different and independent from the requirements of FRCP 56, Defendant's argument that the Fifth and Sixth Causes of Action should be dismissed has no merit.

Finally, Defendant's Request for Judicial Notice is improper and should denied because the District Court is not permitted to take judicial notice of "facts" set forth in newspaper articles or in "tweets."  Likewise, the Declarations of Tanner Camp, Kystal On, and Steve Cottingim are inadmissible on a motion to dismiss because none of the declarations are incorporated, referenced, quoted or relied upon for the allegations in the First Amended Complaint, and are not

a proper subject for judicial notice.  Finally, Exhibit 2 to the Declaration of Steve Cottingim is inadmissible on a motion to dismiss because the allegations in the First Amended Complaint do not incorporate, reference or rely upon the June 2, 2020 letter. *See* Plaintiff's Objections to Defendant's Evidence and Request for Judicial Notice, filed concurrently herewith.

## II.    LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. Navarro v. Block, 350 F.3d 729, 732 (9th Cir. 2001).  Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  On a motion to dismiss, the factual allegations of the complaint are assumed to be true. Cruz v. Beto, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts" beyond those necessary to state his claim and the grounds showing entitlement to relief." Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007) (*citing* Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2009)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (citing Twombly, 550 U.S. at 556).

The court takes all allegations of material facts in the complaint as true and construes them in the light most favorable to the nonmoving party for the purposes of resolving a Rule 12(b)(6) motion to dismiss. Parks School of Business, Inc. v. Symington, 51 F.3d 1480 (9th Cir. 1995).

A complaint should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief. Id; Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").  Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

In deciding a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

### III.   LEGAL ARGUMENT

**A. PLAINTIFF'S SECOND, THIRD AND FOURTH CAUSES OF ACTION MEET THE MINIMUM PLEADING STANDARD OF FEDERAL RULE OF CIVIL PROCEDURE 8.**

  1. Plaintiff Is Not Required To Plead Facts Supporting Each Element Of A Prima Facie Case For Violation Of The Fair Employment And Housing Act.

Defendant's argument that the FEHA-based claims in the First Amended Complaint do not allege sufficient facts to satisfy FRCP 8's minimum standard relies on the incorrect argument that Plaintiff must allege specific facts to support each element of a *prima facie* case under the Fair Employment and Housing Act.  [*See* Def's Brief (Docket No. 13), pp.7:23-8:4]  Relying entirely on the unpublished case of Broadnax v. Adams & Assocs., Inc., 817 F. App'x 512, 513

(9th Cir. 2020)[1], Defendant's argument completely ignores that in federal court, the evidentiary requirements for establishing a *prima facie* case of discrimination under the California Fair Employment and Housing Act do <u>not</u> govern the standard of pleading.  *See* Swierkiewicz v. Sorema, 534 U.S. 506, 510 (2002).  Instead, as explained by the Supreme Court, "complaints in these cases, as in most others, must satisfy only the simple requirements of Rule 8(a) [of the Federal Rules of Civil Procedure]."  <u>Id</u>. at 513-14.  Therefore, the alleged failure to plead an element of a *prima facie* case does not, standing alone, warrant dismissal, and Defendant's motion to dismiss the Second, Third and Fourth Causes of Action in the First Amended Complaint should be denied.

   2.  <u>Plaintiff Has Alleged Facts Establishing A Reasonable Inference That Plaintiff Was Terminated Because of His Religion, His Race, and His Gender.</u>

It is undisputed that the First Amended Complaint alleges that Plaintiff: (1) is a member of a protected class [FAC, ¶¶ 6, 7, 40, 59, 69, 75, 81]; (2) was performing competently [FAC, ¶¶ 11-26]; and (3) suffered an adverse employment action [FAC, ¶ 36].  Defendant's motion to dismiss identifies only the last (fourth) element of a *prima facie* claim for violation of the FEHA as the basis for the District Court to dismiss the Second, Third and Fourth Causes of Action. [*See* Def's Brief, pp.8:5-10:5].  Defendant's motion contends that Plaintiff must "allege facts demonstrating that the adverse employment action was motivated by discriminatory animus" and that Plaintiff has alleged only "conclusions" to support each claim.  [*See* Def's Brief, pp.8:5-6; 9:9-11]  Oddly, however, Defendant cites *only* to the allegations in paragraphs 69, 75 and 81 of

[1] Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are <u>not</u> precedential except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.  Because none of those exceptions apply in this case, Defendant's citation and reliance on <u>Broadnax v. Adams & Assocs.</u> is inappropriate and should be disregarded by the District Court.  Plaintiff objects to all unpublished cases cited in Defendant's motion.

the First Amended Complaint. Defendant simply ignores that all of the facts alleged in the First Amended Complaint are incorporated by reference into the Second Cause of Action [FAC, ℙ 67], the Third Cause of Action [FAC, ℙ 73], as well as the Fourth Cause of Action [FAC, ℙ 79].

Although Defendant is correct that a plaintiff can allege discriminatory animus by alleging "similarly situated employees" were treated more favorably, or that the employer made "negative comments" about the plaintiff's protected class, those two methods of proof are not the *exclusive* factual bases upon which illegal animus can be alleged. As explained by the California Court of Appeals, "in cases involving affirmative adverse employment actions, pretext may be demonstrated by showing the proffered reason had no basis in fact, the proffered reason did not actually motivate the discharge, or, the proffered reason was insufficient to motivate discharge." Soria v. Univision Radio L.A., Inc., 5 Cal. App. 5th 570, 594 (2016). "Pretext may [ ] be inferred from the timing of the company's termination decision, by the identity of the person making the decision, and by the terminated employee's job performance before the termination." Id. As explained below, Plaintiff has alleged facts in support of each FEHA-based claim that meets this standard.

Regarding the Second Cause of Action for discrimination based on Plaintiff's religion, Plaintiff has alleged all of the following facts: Plaintiff is a practicing, life-long member of the Unitarian Universalist Church. [FAC, ℙ 6] The first Principle of the Unitarian Church is "the inherent worth and dignity of every person." [FAC, ℙ 7(i)] Plaintiff was performing his job duties competently with Defendant BONNEVILLE INTERNATIONAL CORPORATION. [FAC, ℙℙ 11-26] On May 31, 2020, Plaintiff was at home and responded to a tweet by DeMarcus Cousins, who asked Plaintiff "What's your take on BLM?" [FAC, ℙ 30] In response, Plaintiff tweeted in relevant part: "ALL LIVES MATTER …EVERY SINGLE ONE." [FAC, ℙ 32] Prior

to May 31, 2020, Defendant BONNEVILLE INTERNATIONAL CORPORATION never provided Plaintiff GRANT NAPEAR with any instruction or guidance, as mandated by his Employment Contract, relative to his use of the phrase "ALL LIVES MATTER…EVERY SINGLE ONE."  [FAC, ⁋ 51]  Plaintiff GRANT NAPEAR's expression, as a member of the Unitarian Universalist Church, that "ALL LIVES MATTER…EVERY SINGLE ONE," was a true and honest reflection and expression of Plaintiff's sincerely held religious beliefs as a member of the Unitarian Church.  [FAC, ⁋ 56]  Defendant BONNEVILLE INTERNATIONAL CORPORATION published a statement on social media following Plaintiff's termination that stated, in relevant part, that Plaintiff's "recent comments about the Black Lives Matter movement do not reflect the views and values of Bonneville International Corporation."  [FAC, ⁋ 39]

Defendant BONNEVILLE INTERNATIONAL CORPORATION's public comment that the phrase "ALL LIVES MATTER…EVERY SINGLE ONE" does not reflect the "views and values" of Defendant BONNEVILLE INTERNATIONAL CORPORATION expressly and directly infers that Plaintiff GRANT NAPEAR was terminated *because of* his expression of his sincerely held religious belief, *i.e.* because Plaintiff tweeted "ALL LIVES MATTER…EVERY SINGLE ONE."  That inference is reasonable because Defendant BONNEVILLE INTERNATIONAL CORPORATION's alleged reason for terminating Plaintiff's employment is Plaintiff's expression of his religious belief.  As a result, that inference is sufficient to meet the minimum pleading standard of Rule 8, and provides a sufficient basis to satisfy the fourth element of a *prima facie* claim for violation of the FEHA.

Nevertheless, the allegations in the First Amended Complaint also allege substantial facts demonstrating animus because "the proffered reason had no basis in fact, the proffered reason did not actually motivate the discharge [and] the proffered reason was insufficient to motivate

discharge." Soria v. Univision Radio L.A., Inc., 5 Cal. App. 5th 570, 594 (2016).  For instance, Plaintiff alleges that "no one at Defendant BONNEVILLE INTERNATIONAL CORPORATION actually was offended or objected to Plaintiff GRANT NAPEAR's tweet that 'ALL LIVES MATTER…EVERY SINGLE ONE.'" [FAC, ℙ 43]  Likewise, Plaintiff alleges that "Defendant BONNEVILLE INTERNATIONAL CORPORATION does not now, and never has, support the 'Black Lives Matter movement'" [FAC, ℙ 43] because "every executive and/or member of management of Defendant BONNEVILLE INTERNATIONAL CORPORATION is a member of the Mormon Church," [FAC, ℙ 44], and the Mormon Church never has supported the "Black Lives Matter movement."  [FAC, ℙ 45]  Those alleged facts directly contradict the alleged reason Defendant BONNEVILLE INTERNATIONAL CORPORATION published for Plaintiff's termination: that the phrase "ALL LIVES MATTER…EVERY SINGLE ONE" does not "reflect the views and values of Bonneville International Corporation" because it was "a particularly insensitive" comment about "the Black Lives Matter movement." [FAC, ℙ39]  It also demonstrates that "the proffered reason was insufficient to motivate discharge."  How could that be a valid reason for Plaintiff's termination if Defendant BONNEVILLE INTERNATIONAL CORPORATION never has "supported, endorsed, adopted or agreed with the beliefs, ideas or doctrine of the Black Lives Matter movement [?]" [FAC, ℙ 45, p.12:14-19]

Plaintiff also alleges that the reason for Plaintiff's termination published on social media is false because it contradicts Defendant BONNEVILLE INTERNATIONAL CORPORATION's subsequent explanation that Plaintiff was terminated because of an alleged "vote" by the Sacramento Kings Basketball Association.  [FAC, ℙ 41-42]

Many of the same facts also provide the basis for a reasonable inference that Defendant BONNEVILLE INTERNATIONAL CORPORATION's termination decision was based on

Plaintiff's race.   Indeed, Defendant's alleged reason for terminating Plaintiff's employment *expressly* references the "Black Lives Matter movement," as well as Defendant's alleged "tremendous respect" for "the black community. . . ." [FAC, ℙ 39]  Finally, as a Caucasian male, Plaintiff GRANT NAPEAR is not part of the "black community" or a focus of the "Black Lives Matter movement." [FAC, ℙ 59]  Those alleged facts are more than sufficient to give Defendant notice of the basis for Plaintiff's Third and Fourth Causes of Action as required by FRCP 8.

**B. THE FIFTH CAUSE OF ACTION ADEQUATELY PLEADS A VIOLATION OF LABOR CODE SECTIONS 1101 AND 1102.**

1. <u>Plaintiff Has Alleged Sufficient Facts to State A Claim for Violation of Labor Code Section 1101.</u>

Plaintiff has adequately alleged facts to support his Fifth Cause of Action for Violation of Labor Code sections 1101 and 1102.  As noted by Defendant's moving papers, Plaintiff GRANT NAPEAR alleges that his May 31, 2020 tweet violated "the Company's *ad hoc* (and unpublished) policy supporting the Black Lives Matter movement." [FAC, ℙ 59]  That allegation directly addresses the requirement in Labor Code section 1101(a) that "[n]o employer shall make, adopt, or enforce any rule, regulation, or policy: (a) Forbidding or preventing employees from engaging or participating in politics. . . ."  The allegation that the policy was "*ad hoc*" does not lessen the impact of the fact that Plaintiff alleges that Defendant BONNEVILLE INTERNATIONAL CORPORATION had such a "rule, regulation or policy" prohibiting Plaintiff's political expression that "ALL LIVES MATTER…EVERY SINGLE ONE."

Defendant's argument that Plaintiff must allege specific facts showing a "settled or definite course or method adopted and followed" that involves something other than an "isolated episode" is off the mark because it relies on <u>Ross v. Indep. Living Res. of Contra Costa Cnty</u>, No. C08-00854 TEH, an <u>unpublished</u> decision related to a motion for summary judgment.  To

the extent that the Ross case cites to Lockheed Aircraft Corp. v. Superior Court, 28 Cal.2d 481 (1946), the same problem exists:  Lockheed Aircraft Corp. v. Superior Court is a decision reviewing a motion concerning a deposition, not a pleading motion.  The only other case cited by Defendant is Brahmana v. Lembo, No.C-09-00106 RMW (N.D. Cal. March 17, 2010).  Once again, Brahmana is an unpublished decision with completely different facts.  Indeed, none of the cases cited by Defendant include any requirement to plead facts demonstrating that the offending "rule, regulation or policy" has been applied in more than an "isolated episode."  Simply put, there is no "One Bite Rule" under the California Labor Code.

2.  Plaintiff Has Alleged Sufficient Facts to State A Claim for Violation of Labor Code Section 1102.

Defendant's argument that Plaintiff has failed to allege facts sufficient to state a claim for violation of Labor Code section 1102 is based almost entirely on Defendant's argument that the facts alleged in the First Amended Complaint are contrary to the facts set forth in evidence submitted in conjunction with Defendant's Request for Judicial Notice.  As noted above, Plaintiff objects to Defendant's Request for Judicial Notice, as well as the Declarations of Tanner Camp (including Exhibits 1 and 2), Krystal On (including Exhibit 1), and Steve Cottingim (including Exhibit 2).  Plaintiff's objections are important because Defendant expressly argues that the Fifth Cause of Action should be dismissed because the claim is directly contradicted by "facts subject to judicial notice."  Defendant then proceeds to argue that based on the "facts" set forth in Exhibit 2 to the Declaration of Steve Cottingim and Exhibit 1 to the Declaration of Krystal On, there is a competing (and legal) reason for Plaintiff's termination – his alleged misuse of his Twitter account.  [See Def's Brief, pp.12:18-14:6]

The only case cited in support of Defendant's argument that factual allegations must exclude all "obvious alternative explanations" for his termination in order to allege a claim in violation of Labor Code section 1102 is Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014).  Defendant's argument overstates the decision in Eclectic Props. E., LLC v. Marcus & Millichap Co. which ruled:

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *implausible*.

Id. (emphasis in original).  In this case, Plaintiff directly and expressly alleges that his tweet that "ALL LIVES MATTER…EVERY SINGLE ONE" was "his protected expression of his personal political opinion." [FAC, ₱ 59]  Plaintiff also alleges that he was terminated for doing so [FAC, ₱ 87] because Defendant BONNEVILLE INTERNATIONAL CORPORATION expressly stated that Plaintiff was terminated because of Plaintiff's "particularly insensitive" tweet about "the Black Lives Matter movement."  [FAC, ₱ 39]  In other words, Plaintiff contends that Defendant BONNEVILLE INTERNATIONAL CORPORATION gave a false and pretextual reason for Plaintiff's termination in order to dodge the adverse political consequences from the Black Lives Matter movement in response to Plaintiff's tweet that "ALL LIVES MATTER…EVERY SINGLE ONE."   Because there are no admissible facts that contradict these allegations, Defendant's motion to dismiss the Fifth Cause of Action should be denied.

**C. THE SIXTH CAUSE OF ACTION ADEQUATELY PLEADS A VIOLATION OF LABOR CODE SECTION 98.6.**

Plaintiff's Sixth Cause of Action for Violation of Labor Code section 98.6 expressly is based on Defendant BONNEVILLE INTERNATIONAL CORPORATION's alleged violation

of California Labor Code sections 1101 and 1002. [FAC, ‖‖ 86-87] As stated in Defendant's moving papers, "[t]his section provides, among other things, that no employer shall discharge an employee for engaging in conduct described in Labor Code section 96(k) or other conduct protected by the Labor Code." [Def's Brief, p.15:2-5] *See* Grizni v. San Diego Hospice Corp., 120 Cal. App. 4th 72, 87 (2004)(Labor Code section 98.6 protects "rights 'otherwise protected by the Labor Code.'") Plaintiff has squarely met this burden because Plaintiff alleges that his termination violated Labor Code sections 1101 and 1102. [FAC, ‖ 93] As a result, Defendant's motion to dismiss the Sixth Cause of Action should be denied.

## D. THE FIRST CAUSE OF ACTION ADEQUATELY PLEADS A CLAIM FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.

As explained above, Plaintiff GRANT NAPEAR has adequately alleged facts to support the Second, Third, Fourth, Fifth and Sixth Causes of Action in the First Amended Complaint. Any of those claims provides the required "public policy" predicate to a claim for wrongful termination in violation of public policy. As Defendant points out, Plaintiff First Cause of Action is derivative of Plaintiff's statutory claims, and therefore is sufficiently pled if any of Plaintiff's other claims survive the motion to dismiss. Because Defendant's motion should be denied as to the Second through Sixth Causes of Action, the motion must also be denied as to Plaintiff's First Cause of Action.

## E. IN THE ALTERNATIVE, PLAINTIFF REQUESTS LEAVE TO AMEND THE FIRST AMENDED COMPLAINT.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (*quoting* Doe v. United States, 58 F.3d 484, 497 (9th Cir. 1995)).

In the event that the Court grants any portion of Defendant BONNEVILLE INTERNATIONAL CORPORATION's motion to dismiss, Plaintiff GRANT NAPEAR respectfully requests leave to amend.

### IV.   CONCLUSION

For all the foregoing reasons, including Plaintiff's Objections to Defendant's Evidence and Request for Judicial Notice, Plaintiff GRANT NAPEAR requests that the District Court issue an order denying Defendant's motion to dismiss.

DATED:  January 28, 2022                    RUGGLES LAW FIRM

By:  /s/ *Matthew J. Ruggles*_____
                    MATTHEW J. RUGGLES
                    Attorney for Plaintiff
                    GRANT NAPEAR