UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANT NAPEAR, | No. 2:21-cv-01956-DAD-SCR |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S REQUEST TO SEAL |
| BONNEVILLE INTERNATIONAL CORPORATION, | (Doc. No. 79) |
| Defendant. | |

On May 29, 2024, defendant filed a notice of its request to seal Exhibit 1 to the declaration of Steve Cottingim in support of its motion for summary judgment. (Doc. No. 79.) In its request, defendant explains that there are "compelling reasons" to seal the exhibit sufficient to outweigh the public's interest in disclosure of court records because Exhibit 1 consists of the employment agreement between defendant and plaintiff, which contains "information regarding Bonneville's employment policies and its salary, bonus, and benefits structure" and "information regarding Mr. Napear's specific salary and compensation when he was employed by" defendant. (*Id*. at 2.) Plaintiff did not file any opposition to defendant's request to seal. For the reasons explained below, defendant's request will be denied.

/////

/////

1

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).[1]

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)). The reason for these two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions, such as a motion for summary judgment:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

*Id.* at 1178–79 (internal quotation marks and citations omitted).  The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard.  *Id.* at 1178.

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  The court agrees with defendant that the "compelling reasons" standard applies here.  (*See* Doc. No. 79 at 2.)

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*  Finally, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**ANALYSIS**

Defendant's argument in its request to seal, in its entirety, is as follows:

> Exhibit 1 to the Cottingim Declaration consists of the employment agreement between Bonneville and plaintiff Grant Napear, effective August 1, 2019 ("Employment Agreement").  The Employment Agreement contains competitively sensitive information, such as information regarding Bonneville's employment policies and its salary, bonus, and benefits structure.  It also includes information regarding Mr. Napear's specific salary and compensation when he was employed by Bonneville.  Bonneville believes that the release of such information might cause it competitive harm, which is not outweighed by the public interest in general access to judicial records.  Thus, Exhibit 1 to the Cottingim Declaration should be sealed.

(Doc. No. 79 at 2.)  While the court recognizes the potentially sensitive nature of information within the Employment Agreement, the court finds that defendant has failed to meet its burden of articulating compelling reasons that justify sealing Exhibit 1 to the Cottingim Declaration in its entirety.  *See Yates v. Cheeseburger Restaurants, Inc.*, No. 2:22-cv-01081-DAD-DB, 2023 WL

1 4747431, at *3 (E.D. Cal. July 25, 2023) (noting that "blanket sealing of an entire . . . document is
2 generally inappropriate where only certain portions of the [document] are subject to sealing").
3 The court fails to see why seemingly innocuous portions of the Employment Agreement, such as
4 the term of employment or the signature page, should be sealed when it appears that redacting the
5 sensitive terms, such as salary, bonuses, and benefits, may suffice. *See United States v. Univ. of*
6 *S. California*, No. 2:18-cv-08311-WLH-AS, 2024 WL 4467586, at *1 (C.D. Cal. Aug. 12, 2024)
7 (noting that the court previously declined to seal letters of employment between USC and
8 physicians in their entirety before granting the defendant's renewed application to seal "the
9 redacted portions of the letters . . . because they contain 'personally identifiable information'
10 including salaries, stipends, and tenure track status"); *Brown v. Brown*, No. 13-cv-03318-SI, 2013
11 WL 12400041, at *1 (N.D. Cal. Dec. 30, 2013) (finding the defendant's request to seal
12 information about "salary, stock options, bonuses, consulting fees, severance, and equity
13 interests" were narrowly tailored given that the redactions "remove only the confidential
14 information"); *see also Roadrunner Intermodal Servs., LLC v. T.G.S. Transportation, Inc.*, No.
15 1:17-cv-01056-DAD-BAM, 2018 WL 432654, at *4 (E.D. Cal. Jan. 16, 2018) (finding that
16 "public release of [] salary information could harm [the defendant's] competitive standing" and
17 accordingly granting the defendant's request to redact "information reflecting the salaries paid to
18 its employees"); *Pryor v. City of Clearlake*, No. 11-cv-00954-CW, 2012 WL 3276992, at *5
19 (N.D. Cal. Aug. 9, 2012) (ordering documents pertaining to a defendant's appointment as a police
20 officer to be filed with redactions regarding the officer's address, birthdate, and pay). In light of
21 defendant's insufficient showing justifying its broad request, defendant's request to file under seal
22 Exhibit 1 to the Cottingim Declaration in its entirety will be denied. *See Perimeter Solutions,*
23 *L.P. v. Fortress North America, L.L.C.*, No. 2:24-cv-01276-DAD-CSK, 2024 WL 3967472, at *3
24 (E.D. Cal. Aug. 28, 2024) (denying the plaintiff's request to file an employment agreement under
25 seal without prejudice to renewal based upon an appropriate showing).
26 /////
27 /////
28 /////

**CONCLUSION**

For the reasons explained above, defendant's request to seal (Doc. No. 79) is denied, without prejudice to a more narrowly tailored renewal based upon an appropriate showing.

IT IS SO ORDERED.

Dated:  **December 20, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE